# THE ANTHONY POPE LAW FIRM, P.C.

ATTORNEYS AT LAW

NEW JERSEY OFFICE
60 PARK PLACE
SUITE 1101
NEWARK, NJ 07102

NEW YORK OFFICE
275 MADISON AVE.
35TH FLOOR
NEW YORK, NY 10016

TEL: (973) 344-4406
FAX: (973) 344-3201
www.anthonypopelawfirm.com

TEL: (212) 905-4900
FAX: (973) 344-3201

**PLEASE REPLY TO:**
**New Jersey Office**

**ANTHONY POPE, ESQ.**
apope@apopefirm.com

*Certified by the Supreme Court of
New Jersey as a Civil & Criminal Trial Attorney*

June 10th, 2021

The Hon. Ann Marie Donio, U.S.M.J.
United States Magistrate Court
District of New Jersey
Mitchell H. Cohen Building & US Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

### RE: United States v. Kassan Knight
### Case no.: 20-mj-2110

Dear Judge Donio:

I represent Kassan Knight in the above-referenced matter and submit this letter brief in support of his Motion for Change of Detention Status.

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required ..." U.S. Const. Amend. VIII. Although the Eighth Amendment does not "grant an absolute right to bail, there is a substantive liberty interest in freedom from confinement." *United States v. Perry*, 788 F. 2d 100, 112 (3d Cir. 1986). Consistent with these principles, the Bail Reform Act of 1984 (the "Act") favors pretrial release and imposes a duty on federal courts to make determinations regarding the bail status of federal criminal defendants. 18 U.S.C. § 3142(a). Moreover, in the context of such bail determinations, the Act's provisions

"effectively limit judicial consideration ... to two relevant criteria: the risk that the defendant will flee and the risk that he will pose a danger if admitted to bail." *United States v. Provenzano*, 605 F.2d 85, 93 (3d Cir. N.J. Aug. 21, 1979). The court must not only determine whether an applicant poses such a risk, but also measure them "in terms of conduct that cannot be reasonably safeguarded against by an imposition of conditions upon the release." *Id.* at 93-94. "Whenever a court can fashion the conditions of an applicant's release in such a manner that the danger may be averted, it must do so and grant the motion for release." *Id.* at 94 (emphasis added). It is therefore clear that the Court must only deny bail "as a matter of last resort." *Id.*

When evaluating the sufficiency of potential conditions of release, "the Court should consider the 3142(g) factors: 1) the nature and circumstances of the offense charged, including whether the offense involves a controlled substance or firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *United States v. McIntyre*, No. 16-13 (KM), 2018 WL 385034 (D.N.J. Jan. 10, 2018) (citing 18 U.S.C. § 3142(g); *United States v. Traitz*, 807 F.2d 322, 324 (3d Cir. 1986); *United States v. Coleman*, 777 F.2d 888, 892 (3d Cir. 1985))."Pursuant to 18 U.S.C. § 3142(e), however, if after a detention hearing a court determines that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community,' the court must Order the detention of the person before trial." *United States v. Vargas*, No. 13-2044 (JS), 2013 WL 3223419, at *4, (D.N.J. June 25, 2013). The Court has noted that, "[i]f the government or court believes detention is appropriate because there is a risk of flight, this must be proved by a preponderance of the evidence." *Id.* (citing *United States v. Himler*, 797 F.2d 156, 161 (3d Cir. 1986)). "The preponderance of the evidence

standard requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *Id.* (*citing U.S. v. Abdullahu*, 488 F. Supp. 2d 433, 438 (D.N.J. 2007)). The Court may also order that a defendant remain in detention if it finds, by clear and convincing evidence, that no combination of conditions will reasonably assure the safety of any person or the community at-large. *United States v. Perry*, 788 F.2d 100, 106, 114 (3d Cir. 1986).

In analyzing the above listed 3142(g) factors, the first factor is clearly in Mr. Knight's favor, with the offense including neither a controlled substance or a firearm, Mr. Knight has no criminal record and this crime is of a white collar nature, clearly indicating support for the position that he should be released pending trial. Regarding the second factor, as of now the evidence against Mr. Knight primarily consists of social media posts, although the government has not yet provided the defense with full discovery due to the fact that Mr. Knight has not been indicted. Even though the government has provided some evidence in this case via discovery, due to the white collar nature of the crime, releasing Mr. Knight into home detention carries little risk to the community. The third factor deals with the history and characteristics of the Defendant. Mr. Knight has never been involved with the criminal justice system prior to this case, he has no history of violence and as stated above, no criminal record whatsoever, this factor is clearly in favor of Mr. Knight being released into home detention while he awaits trial in this matter. With regards to the fourth factor, in the present case there is nothing to suggest that Mr. Knight poses a danger to the community since this is a white collar crime, thus this factor also favors releasing the Defendant into home detention. In sum, all 3142(g) factors favor releasing Mr. Knight into home detention while he awaits trial.

While at a detention hearing on March 30, 2021, Mr. Knight was ordered detained by court based on a determination that no condition of or combinations of conditions of release will reasonably assure the safety of the community, this motion is made with the consent of the AUSA on this case, Alisa Shver, who does not object to Mr. Knight being released into home detention with adequate conditions in place. Such conditions will include that Mr. Knight reside at his mother's house, located at 404 South 6th Street, Apartment 1, Newark, NJ 07103, with ankle monitoring in place; in addition, Mr. Knight and his mother will sign a bond to ensure his appearance at all subsequent court hearings.

Pursuant to 18 U.S.C. § 3142(f)(2)(B), a detention hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue as to whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. It is our position that the fact that the charges in California have now been dismissed are an adequate change of circumstance which favor the release of the defendant into home detention while he awaits trial, pursuant to 18 U.S.C. § 3142(f)(2)(B). Combined with the stricter conditions of release and the consent of the AUSA on this matter adequately assure the safety of the community and ensure Defendant's appearance at subsequent hearings. While this motion is made, as stated above, with the consent of the AUSA on this matter, with regards to pretrial services, our office has not received a definitive answer as to whether Mr. Knight's Pretrial Services Officer, Daniel Milne, consents to this motion. Officer Milne has in the past expressed concern regarding Mr. Knight's arrest in California on the above now dismissed charges. Due to the fact that Mr. Knight was detained due on his arrest in California and his lack of reporting that

to Pretrial services, and the fact that all charges against him in the state of California have now been dismissed, we feel circumstances have changed to the point where it now makes sense that he be released into home detention while he awaits trial. Furthermore, with ankle monitoring in place, Mr. Knight will be unable to even leave the house, let alone contemplate committing crime or otherwise endangering the community.

Further addressing Mr. Knight's risk of flight, his previous revocation of bail and subsequent incarceration due to that revocation have served as a stark reminder of his responsibilities in this matter. In addition to this, previously Mr. Knight was simply released on bail with no third-party custodian in place. In any subsequent bail package, this will change, with his mother acting as his third-party custodian and agreeing to co-sign a bond in any potential subsequent bail package, he knows his actions no longer affect just himself, and therefore his flight risk is significantly decreased. This change of circumstance adequately assures Mr. Knight's adherence to the conditions of release, eliminates his flight risk and ensures his appearance at all court dates.

In summary, while Mr. Knight is currently detained having had his bail revoked, there has been a change in circumstances adequate to allow for his release pursuant to 18 U.S.C. 3142(f)(2)(B), with a combination of the conditions listed above adequately assuring both the safety of the community and his appearance at all future court dates. With this change of circumstances in mind, the 18 U.S.C. 3142(g) factors listed above all favor Mr. Knight's release to home detention while he awaits trial.

For the reasons stated above, Defendant's motion for release into home detention pending trial should be granted pursuant to 18 U.S.C. 3142.

Very truly yours,

Anthony Pope, Esq.